## LYHNE v. SAGAMOR METAL GOODS CORPORATION.

District Court, S. D. New York.
March 12, 1930.

Julian S. Wooster and Donald Malcolm, both of New York City, for plaintiff.

Frank J. Kent, of New York City (by Charles F. Chisholm, of New York City), for defendant.

GODDARD, District Judge.

This is a suit on patent to Anker S. Lyhne, No. 1,570,382, applied for July 18, 1922, and issued January 19, 1926, and the usual injunction and accounting is prayed for. The defense is invalidity and noninfringement.

The patent relates to what are known as "vanity boxes." These are little boxes, preferably of metal, used by women to carry face powder, powder puff, and rouge, with a mirror.

The suit is based on the alleged infringement of claims 2, 4, and 5 of the patent, which read as follows:

"2. A vanity box comprising telescoping body and cover sections, said body section being adapted to receive a powder compact and puff, a cup member mounted within the cover section and provided with a recess to receive a powder compact and puff, a guard extending outwardly from and over the lower edge of said recess, and a cover for closing said cup member and movable therewith when the box is opened."

"4. In a compact container, in combination, a flanged bottom member capable of receiving a powder compact, a flanged top member hingedly attached to the bottom member, a recessed member carried by the top member capable of receiving a powder compact, a mirror-carrying member hingedly attached to the recessed member capable of enclosure within the device in its closed position, said hinge being positioned other than at the hinge between the top member and the bottom member and a mirror carried by the mirror-carrying member.

"5. In a compact container, in combination, a flanged bottom member capable of receiving a powder compact, a flanged top member hingedly attached to the bottom member, recessed member carried by the top member capable of receiving a powder compact, a mirror carrying member hingedly attached to the recessed member capable of enclosure within the device in its closed position and a mirror carried by the mirror carrying member."

The claims are to be read in the light of the specifications, and the Lyhne specifications state (page a, line 27): "The cover 29 fits snugly within the open side of lining so as to seal the same and prevent powder from leaking therefrom either to the body section or when the box is opened. Also, as this cover 29 fits the lining snugly when the box is opened this cover will be raised with the cover section. * * *"

The outer box itself, composed of two cup-shaped sections hinged together, is, of course, very old, and vanity cases of a similar general character are not new, so that any new idea is to be looked for—at least in the present instance—in the interior structure.

In the earlier boxes made by the plaintiff under its patent, the recessed or cup member actually had a bottom. The boxes now made by the plaintiff have the metal which formed the bottom of this member cut out, so that it is now in the form of a ring with flanged sides, and into these flanged sides the mirror closes.

In the defendant's vanity box the mirror is hinged to a bottomless ring which fits into

the upper section, and the cake of rouge rests directly against the cover of the containing section; the mirror merely rests upon a flattened surface of the ring, and does not fit into flanged sides of the ring sealing this container, as is the case with the box of the patentee. The plaintiff's mirror remains in its position until it is lifted, sealing the container for the rouge and preventing its sifting into the other section. The mirror in the defendant's box flops back and forth depending upon the position in which it is held. There is no suggestion that the mirror in the defendant's box is intended to seal the rouge container, and it does not, as constructed.

References to prior art patents demonstrate that the patent in suit is limited to an extremely narrow interpretation.

Patent to Smith, No. 1,218,222, issued March 6, 1917, shows a small toilet case, in the lid of which there is a powder compartment formed by a ring which is fastened to the lid of the case, and to this ring is a hinged mirror which closes down on the powder compartment.

Patent to Reich, No. 1,129,730, issued May 23, 1915, is a vanity box incorporated in a parasol handle. It consists of metal box set into the handle; the upper part of the handle is set on a hinge, and contains the cover. Hinged to the metal lining of this cover is a mirror which fits into an annular space inside of the edge of the metal cup.

Patent to Vericel, No. 1,381,036, issued June 7, 1921, shows a vanity case with two compartments hinged together. One compartment intended for carrying powder, the other for powder puff, and between the two compartments is a hinged mirror which closes one of the compartments.

Reference may also be made to the following, among others, showing the state of the prior art: Patent to Hill No. 472,217, issued April 5, 1892; patent to Lyckland, No. 1,248,878, issued December 4, 1917; patent to Kendall No. 1,194,187, issued August 8, 1916.

Without passing upon the validity of the claims 2, 4, and 5 of the patent in suit, it seems to me that they are not infringed by the defendant's vanity box, in view of the fact that the plaintiff's claim must be given a narrow interpretation. With such limitation, the patentee would not be entitled to have the cup member or recessed member described in the claims interpreted so as to cover the mere ring to which the defendant's

mirror is hinged—for their construction differs, and they do not perform the same uses, except that both are used for the purpose of fastening the hinge of the mirror to.

Accordingly, the bill of complaint is dismissed.